1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA, *et al*.     Case No. 1:22-cv-00924-ADA-CDB

12              Plaintiff,                    ORDER GRANTING *EX PARTE*
                                             APPLICATION FOR SECOND EXTENSION
13        v.                                 OF TIME TO MAKE AN INTERVENTION
                                             DECISION
14   HOWARD D. KOOTSTRA, *et al*.

15              Defendants.                  [**FILED UNDER SEAL**]

16                                           (Doc. 10)

17
     ──────────────────────────────

18        On July 26, 2022, Plaintiffs the United States of America and Relator LLC filed a

19   complaint against Defendants Howard D. Kootstra and Golden Empire Mortgage, Inc.  (Doc. 1).

20        On October 11, 2022, the United States filed an *ex parte* application for an extension of

21   time to notify the Court of any decision regarding its decision to intervene.  (Doc. 8).  In that

22   application, the United States represented it had been served with the complaint on August 8,

23   2022.  Accordingly, the United States' time to either intervene, notify the Court of its declination

24   to take action, or seek an extension of the time to intervene lapsed on October 7, 2022.  *See* 31

25   U.S.C. § 3730(b).  Nevertheless, on October 13, 2022, the Court issued an order (*nunc pro tunc*)

26   granting the United States' request and provided the United States up until April 7, 2023, to

27   notify the Court of its decision to intervene in this action.  (Doc. 9).

28

On April 7, 2023 – the last day on which it could intervene or decline intervention – the United States instead filed an *ex parte* application for a second extension of time to make an intervention decision.  (Doc. 10).  Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action *as soon as the need for an extension becomes apparent*."  L.R. 144(d) (emphasis added).  Here, given Counsel for the United States' representations about the reasons for an extension of time (Doc. 10-1), it should have become apparent before the due date that such an extension was needed, and, hence, under Local Rule 144, the United States was required to file its current request for extension of time before now.

The Court disfavors granting *nunc pro tunc* relief and directs the United States to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that it seeks to extend.  However, under the circumstances, the United States has demonstrated good cause for the extension.

Accordingly, for the reasons set forth in the United States' *ex parte* application for second extension of time to make an intervention decision, and for good cause appearing, IT IS HEREBY ORDERED:

1. The United State shall have through and including October 9, 2023, to notify the Court of its decision on whether to intervene in this action;

2. The Complaint and all other filings shall remain under seal until the United States notices its election, or until further order of this Court; and

3. The Status (Pretrial Scheduling) Conference shall be set for a time after the United States notifies the Court of its decision on intervention in this action.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

_____
UNITED STATES MAGISTRATE JUDGE