UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>HOWARD D. KOOTSTRA, *et al*.<br><br>Defendants. | Case No. 1:22-cv-00924-ADA-CDB<br><br>ORDER RE THE NOTICE OF THE UNITED STATES OF AMERICA'S ELECTION TO DECLINE INTERVENTION<br><br>(Doc. 16)<br><br>[**FILED UNDER SEAL**]<br><br><u>Seven Day Deadline</u> |

Pending before the Court is the notice of the United States of America ("government") of its decision not to intervene in this action, filed October 13, 2023. (Doc. 16). In its notice, the government requests that the relator's complaint, the instant notice, and the proposed order be unsealed. The government further requests that "all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." (*Id*. at 2).

In *qui tam* actions, courts consider "lifting the seal on the entire record to be appropriate *unless* the Government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel. Lee v. Horizon West, Inc.* No. C 00-2921 SBA, 2006 WL 305966, at *2

(N.D. Cal. Feb. 8, 2006) (citing cases) (emphasis in original). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id*.

The sealing order in this case implicitly acknowledges that the seal would be lifted upon the Court's order to serve the complaint. (Doc. 5 at 2). The government's request for a continued, limited sealing of certain documents (Doc. 16 at 2) does not contain sufficient information to facilitate the Court's ability to balance a defendant's interest in obtaining information normally available for public disclosure against the government's interest in protecting confidential information disclosed in its filings. As it stands, the Court has determined there are two filings – the government's *ex parte* applications to extend its time to intervene (Docs. 8, 10) – that discuss in only general terms "the content and extent of the United States' investigation." (*See* Doc. 16). Without additional information, the Court cannot conclude that continued sealing of these two documents (or the Court's orders thereon) serves a compelling interest, or that unsealing would harm any such interest.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED, no later than the October 24, 2023, the United States of America may submit supplemental briefing in support of its request to maintain a limited sealing in this case.

If the United States of America makes no timely filing responsive to this Order, the Court intends to order that the case be unsealed in its entirety.

IT IS SO ORDERED.

Dated: __**October 17, 2023**__              _____
UNITED STATES MAGISTRATE JUDGE