UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RELATOR LLC,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD D. KOOTSTRA, *et al.*<br><br>Defendants. | Case No. 1:22-cv-00924-NODJ-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY<br><br>ORDER VACATING AND RESETTING SCHEDULING CONFERENCE<br><br>(Doc. 24)<br><br>**January 30 Deadline** |

On July 26, 2022, Plaintiff Relator LLC, on behalf of itself and the United States of America ("government"), filed a complaint against Defendants Howard D. Kootstra and Golden Empire Mortgage, Inc under the *qui tam* provisions of the False Claims Act. (Doc. 1). Following the government's filing of notice of non-intervention (Docs. 16, 22), on October 31, 2023, the Court issued case management documents and set an initial scheduling conference in this matter. (Doc. 24).

The Order Setting Mandatory Scheduling Conference (the "Initial Order") directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." *Id.* at 1. The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved

defendants." *Id.* To date, Plaintiff has not filed proof of service of the summons and complaint. Further, Plaintiff's apparent delay in perfecting service implicates Federal Rule of Civil Procedure 4(m), which requires the Court to dismiss the action unless defendants are served within 90 days. In this case, that date is January 30, 2024.

Separately, the Initial Order directed the parties to file no later than January 24, 2024 (*e.g.*, yesterday) a joint scheduling report in advance of the January 31 scheduling conference. (Doc. 24 at 2). The deadline to file the joint scheduling report has passed and Plaintiff has failed to file the report or any other filing explaining its delinquency or otherwise seeking a continuance.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." Further, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, it HEREBY ORDERED that, no later than January 30, 2024, Plaintiff Relator LLC shall show cause in writing why sanctions should not be imposed for its failure to timely comply with this Court's order.

In light of Plaintiff's failure to comply with Court orders, the scheduling conference set for January 31, 2024 (Doc. 24) is HEREBY VACATED and reset for March 6, 2024, at 10:00AM.

**Failure to comply with this order may result in the issuance of sanctions, up to and including financial sanctions and dismissal of the action.**

IT IS SO ORDERED.

Dated:   **January 25, 2024**                              _____
                                                                              UNITED STATES MAGISTRATE JUDGE